■ JOHN R. TREHARNE, Respondent, v BRUCE E. DUNLAP, M.D., P. C., Respondent, and STERLING OPTICAL, Appellant.— Order insofar as appealed from unanimously reversed on the law without costs and motion granted, in accordance with the following Memorandum: Defendant Sterling Optical appeals from that portion of an order which denied in part Sterling's motion for summary judgment dismissing plaintiff's claim against it for the professional negligence of its employee-optometrist, Dr. Shepard. We conclude that Sterling is entitled to summary judgment. In these unique circumstances, we conclude that Dr. Shepard was free from negligence as a matter of law in discontinuing the March 7, 1986 eye examination without performing a glaucoma test. The record demonstrates that Dr. Shepard aborted the examination because, although plaintiff requested to be fitted for extended wear contact lenses, the irritated condition of his eyes precluded Dr. Shepard from obtaining an accurate prescription. Dr. Shepard therefore instructed plaintiff to return in one week, after his vision had cleared, at which time Dr. Shepard planned to perform a full examination, including a glaucoma test. Dr.

Shepard reasoned that, since it was necessary for plaintiff to return one week later for his prescription, it made sense to postpone the entire examination rather than risk further irritating plaintiff's eyes by performing the glaucoma test. Dr. Shepard's decision and instructions to plaintiff were eminently reasonable and not even arguably negligent. Sterling is not responsible for plaintiff's failure to return to see Dr. Shepard one week later, as instructed. In our view, the expert opinion evidence submitted by plaintiff in opposition to the motion misses the point. The expert avers that the irritated condition of plaintiff's eyes did not preclude Dr. Shepard from performing the glaucoma test. However, the issue is not the medical feasibility of performing a glaucoma test on March 7, 1986, but the reasonableness of postponing the entire examination to allow plaintiff's eye irritation and blurred vision to clear. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Dillon, P. J., Doerr, Denman, Green and Lowery, JJ.